UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON LOGISTICS, INC., <br><br> Petitioners, <br><br> v. <br><br> STEVE EISENBERG and ASHLEY ROBERTSON, <br><br> Respondents. | Case No. |

## **PETITION TO COMPEL ARBITRATION**

Petitioners Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Amazon") hereby petition the Court to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), or alternatively under the Ohio Arbitration Act, Ohio Rev. Code § 2711.03, or the Washington Uniform Arbitration Act, Wash. Rev. Code § 7.04A et seq., in accordance with the terms of the parties' arbitration agreements.

## **INTRODUCTION**

1. Respondents are individuals who provided local delivery services to Amazon in Ohio pursuant to an agreement that required all disputes to be resolved on an individual basis through binding arbitration.

2. Respondents provided services as independent contractors, and they received the opportunities and benefits of such a relationship. But Respondents later joined a putative collective action and a putative class action against Amazon seeking to change their status to employees. Respondents assert claims under federal law and assert related claims under state law.

1

3. Respondents have refused to resolve this dispute by binding arbitration despite their agreements to do so.

4. Amazon now respectfully petitions the Court for an Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4; Section 2711.03 of the Ohio Arbitration Act, Ohio Rev. Code § 2711.03; and Section 7.04A.070 of the Washington Uniform Arbitration Act, Wash. Rev. Code § 7.04A.070, to compel Respondents to arbitrate their disputes with Amazon.

## BACKGROUND

5. Affiliates of Amazon.com, Inc. sell products through a variety of channels, including the Amazon.com website, mobile applications, and retail locations like Whole Foods Market. Amazon Logistics, Inc. contracts with third-party contractors of various types and sizes, including carriers such as United Parcel Service, regional courier companies called "Delivery Service Providers," and individual entrepreneurs called "Delivery Partners." Delivery Partners sign up to become eligible to perform delivery blocks through a smartphone application-based program called Amazon Flex. Delivery Partners then use personal vehicles to make local deliveries of groceries, food, and other goods to customers.

6. Respondents are individual entrepreneurs who enrolled in the Amazon Flex program to provide local delivery services in Ohio. Respondents downloaded the Amazon Flex app and accepted the Independent Contractor Terms of Service (the "TOS") prior to enrolling in the program. The TOS included an agreement to resolve any disputes arising out of or relating to the TOS, to Delivery Partners' participation in the Amazon Flex Program, or to their performance of services through final and binding arbitration. The TOS specified that the FAA governed the arbitration agreement.

7. Respondents clicked their acceptance of the TOS and the arbitration agreement. Respondents did not opt out of arbitration.

8. Respondents subsequently participated in, and enjoyed the benefits of, the Amazon Flex program.

9. In 2016, three plaintiffs filed a putative nationwide collective action under the federal Fair Labor Standards Act ("FLSA") and a putative state-law class action against Amazon in the U.S. District Court for the Western District of Washington. *See Rittmann et al. v. Amazon.com Inc. et al.*, No. 2:16-cv-1554 (W.D. Wash. filed Oct. 4, 2016) ("Rittmann Dkt."). The plaintiffs sought to change the classification of Flex drivers to employees, among other relief.

10. In 2016 and 2019, Amazon moved to compel one of the plaintiffs in the case at the time to arbitrate his claims. In 2019, the district court in *Rittmann* declined to compel arbitration under the FAA and Washington state law, and the Ninth Circuit affirmed. *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021).

11. Following Amazon's initial motion to compel arbitration and the supplemental briefing in support of that motion, the number of plaintiffs in the case swelled to more than 100 through successive amended complaints, consolidations, and opt-in notices. Many add-on plaintiffs accepted different arbitration agreements than the agreement considered in 2019.

12. The *Rittmann* district court litigation has been stayed a total of 2,343 days (more than 6.4 years)—and therefore, despite its age, it is at an early stage of the proceedings.

13. The district court recently entered a scheduling order on May 14, 2024, allowing Amazon to renew its motion to compel arbitration at an undetermined future date. *Rittmann* Dkt., ECF No. 298. Thus, the question of whether plaintiffs in *Rittmann* must arbitrate their claims remains unresolved.

**PARTIES**

14. Petitioner Amazon.com, Inc. is a Delaware corporation headquartered in Seattle, Washington.

15. Petitioner Amazon.com Logistics, Inc. is a Delaware corporation headquartered in Seattle, Washington.

16. On or about April 18, 2017, Respondent Steve Eisenberg joined the litigation in *Rittmann* as a named plaintiff.

17. On or about February 12, 2019, Respondent Ashley Robertson joined the litigation in *Rittmann* as an opt-in plaintiff.

18. Respondents provided services under the Amazon Flex program in the area of Cleveland, Ohio, which is in this judicial district.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this petition pursuant to 28 U.S.C. §§ 1331 and 1367. In the underlying dispute, plaintiffs filed a putative collective action against Amazon under the federal FLSA and putative class claims under related state-law theories. Respondents are named and opt-in plaintiffs in that action. Amazon seeks to compel arbitration of Respondents' federal claims and related state-law claims against Amazon. Thus, this Court has federal question jurisdiction and supplemental jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 62, 69 n.18 (2009).

20. The Court also has personal jurisdiction over Respondents. Respondents provided services in the State through Amazon's Flex program and consented to arbitration at or near the locations at which they provided services. Thus, the dispute "arise[s] out of or relate[s] to" Respondents' "contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quotations omitted).

21. In addition, venue is proper pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 4. FAA permits any party "aggrieved by the failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition "any United States district court . . . for an order

directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. If arbitration is ordered, "[t]he hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." *Id.* The arbitration provisions at issue here authorize any arbitration "at a mutually-convenient location within 45 miles from the last location in which you provided Services." Thus, the location of the arbitration is within this Court's jurisdiction. And because Section 4 "confines the arbitration to the district in which the petition to compel is filed," *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 785 (9th Cir. 2001) (emphasis omitted), an order compelling arbitration by this Court would enforce terms of the arbitration agreement.

## STATEMENT OF FACTS

22. Delivery Partners deliver orders of food and goods locally to customers. Delivery Partners sign up to make deliveries locally using the Amazon Flex app, and then are free to deliver packages using their personal vehicles.

23. Respondent Eisenberg worked as a Delivery Partner from about May 2017 to December 2017. On or about May 25, 2017, he agreed to Amazon's TOS when he signed up as a delivery driver through the Amazon Flex app. During this period, Version 10 of the TOS was in effect.

24. Respondent Robertson worked as a Delivery Partner from about May 2017 to August 2018. On or about May 22, 2017, she agreed to Amazon's TOS when she signed up as a delivery driver through the Amazon Flex app. During this period, Version 10 of the TOS was in effect.

25. Respondents accepted the TOS by clicking a brightly colored button. The TOS were presented on the app for review. Respondents were free to spend as much time as they wanted

to review the TOS and were required to scroll to the end of the agreement on the app before accepting.

26. The first page of the TOS states that by accepting, the Amazon Flex Delivery Partner would "AGREE TO RESOLVE DISPUTES BETWEEN YOU AND AMAZON ON AN INDIVIDUAL BASIS THROUGH **FINAL AND BINDING ARBITRATION**."

27. Later in the agreement, the TOS lays out the full terms of the arbitration agreement in Section 11 and requires the arbitration of all disputes arising out of the individual's relationship with Amazon. Specifically, the TOS states:

> THE PARTIES WILL RESOLVE BY FINAL AND BINDING ARBITRATION, RATHER THAN IN COURT OR TRIAL BY JURY, ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT.

In this section, the TOS also explicitly provides that "TO THE EXTENT PERMITTED BY LAW, PARTIES AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT ON A CLASS OR COLLECTIVE BASIS," and that "PARTIES WAIVE ANY RIGHT TO PARTICIPATE IN OR RECEIVE ANY RELIEF FROM ANY NON-INDIVIDUAL PROCEEDINGS." Furthermore, the TOS state that "NO ARBITRATOR . . . IS AUTHORIZED TO ARBITRATE ANY DISPUTE ON A CLASS, COLLECTIVE OR REPRESENTATIVE BASIS."

28. The TOS also provides that the arbitration agreement "is governed by the Federal Arbitration Act and applicable federal law." The interpretation of the remainder of the TOS is governed by "the law of the state of Washington."

29. In agreeing to the TOS, Respondents clicked a button indicating that they agreed to the TOS as a whole and then clicked another button specifically affirming that they agreed to arbitrate.

30. Notwithstanding the arbitration and class waiver provisions in the TOS, in 2016, three plaintiffs filed a putative nationwide collective action under the federal FLSA and a putative state-law class action against Amazon in the U.S. District Court for the Western District of Washington. *See Rittmann* Dkt., No. 2:16-cv-1554 (W.D. Wash. filed Oct. 4, 2016). The plaintiffs sought to change the classification of Flex drivers to employees, among other relief.

31. Respondents joined the putative collective and class actions against Amazon.

32. As explained above, the question of whether plaintiffs in *Rittmann* must arbitrate their claims remains unresolved.

33. Amazon is therefore filing this action, the supporting Declaration of John Rodgers with accompanying exhibits, and the supporting Memorandum of Law, to enforce the Arbitration Provision in the TOS and to prevent Respondents from taking any action contrary to the Arbitration Provision.

## CLAIMS FOR RELIEF

### COUNT I:  ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT

34. Petitioners incorporate by reference ¶¶ 1 through 33, above.

35. The FAA applies to the TOS as a matter of law and as expressly provided in the TOS.

36. Amazon is a party aggrieved by Respondents' refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has jurisdiction under Title 28 of the U.S. Code, Section 1331.

37. Section 4 of the FAA, 9 U.S.C. § 4, provides Petitioners a cause of action to compel Respondents to resolve the dispute with Petitioners through arbitration. Section 4 of the FAA, 9 U.S.C. § 4, provides in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

38. The Arbitration Agreement in the TOS constitutes a written agreement that is valid and enforceable under the FAA.  Section 2 of the FAA, 9 U.S.C. § 2, provides in relevant part:

> A . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

39. The Arbitration Agreement is a written provision in a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising under the TOS.

40. The TOS is not a "contract[] of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. § 1.  In making local deliveries as part of the Amazon Flex program, Respondents did not "play a direct and 'necessary role in the free flow of goods' across borders," and he was not "actively 'engaged in transportation' of those goods across borders via the channels of foreign or interstate commerce" as defined by the FAA.  *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022).  Therefore, Respondents are not exempt from the FAA.

41. The Arbitration Agreement is valid, irrevocable, and enforceable.

42. The Arbitration Agreement applies to all claims asserted by Respondents in the operative *Rittmann* complaint (the "Complaint").

43. The Arbitration Agreement contractually requires Respondents to submit "any dispute or claim, whether based on contract, common law, or statute, arising out of or relating in any way to this agreement" to be resolved "only on an individual basis and not on a class or collective basis" by "final and binding arbitration" at "a mutually-convenient location within 45 miles from the last location in which [Respondents] provided services" under American Arbitration Association rules.

44. The claims set out in the Complaint are "arising out of or relating . . . to" the TOS and therefore fall within the scope of the Arbitration Agreement in the TOS.

45. Nevertheless, Respondents have disregarded their contractual obligations to arbitrate the claims asserted in the Complaint.

46. The Court should enter an Order compelling Respondents to arbitrate all claims raised or that could be raised in the Complaint.

47. Petitioners are entitled to enforce the Arbitration Agreement under its terms, as well as under applicable law.

## COUNT II:  ARBITRATION PURSUANT TO THE OHIO ARBITRATION ACT

48. Petitioners incorporate by reference ¶¶ 1 through 33, above.

49. The Ohio Arbitration Act applies to the TOS as the law of the forum and the law of the State in which Respondents provided services.

50. Amazon is a party aggrieved by Respondents' refusals to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has supplemental jurisdiction under Title 28 of the U.S. Code, Section 1367.

51. The Ohio Arbitration Act provides Petitioners a cause of action to compel Respondents to resolve the disputes with Petitioners through arbitration. Section 2711.03 provides in relevant part:

> (A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

52. The Arbitration Agreement in the TOS constitutes a written agreement that is valid and enforceable under the Ohio Arbitration Act. Section 2711.01 provides in relevant part:

> (A) A provision in any written contract … to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

53. The Arbitration Agreement is in a record to submit to arbitration any existing or subsequent controversy arising between the parties arising under the TOS.

54. The Arbitration Agreement is valid, enforceable, and irrevocable.

55. The Arbitration Agreement applies to all claims asserted by Respondents in the Complaint.

56. The Arbitration Agreement contractually requires Respondents to submit "any dispute or claim, whether based on contract, common law, or statute, arising out of or relating in

any way to this agreement" to be resolved "only on an individual basis and not on a class or collective basis" by "final and binding arbitration" at "a mutually convenient location within 45 miles from the last location in which [Respondents] provided Services" under American Arbitration Association rules.

57. The claims set out in the Complaint are "arising out of or relating . . . to" the TOS and therefore fall within the scope of the Arbitration Agreement in the TOS.

58. Nevertheless, Respondents have disregarded their contractual obligations to arbitrate the claims asserted in the Complaint.

59. The Court should enter an Order compelling Respondents to arbitrate all claims raised or that could be raised in the Complaint.

60. Petitioners are entitled to enforce the Arbitration Agreement under its terms, as well as under applicable law.

## COUNT III:  ARBITRATION PURSUANT TO THE WASHINGTON UNIFORM ARBITRATION ACT

61. Petitioners incorporate by reference ¶¶ 1 through 33, above.

62. The Washington Uniform Arbitration Act applies to the TOS accepted by Respondents as a matter of law and as provided in the TOS.

63. Amazon is a party aggrieved by Respondents' refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has supplemental jurisdiction under Title 28 of the U.S. Code, Section 1367.

64. The Washington Uniform Arbitration Act provides Petitioners a cause of action to compel Respondents to resolve the dispute with Petitioners through arbitration.  Section 7.04A.070(1) provides in relevant part:

> On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the

agreement, the court shall order the parties to arbitrate if the refusing party does not appear or does not oppose the motion. If the refusing party opposes the motion, the court shall proceed summarily to decide the issue. Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate. If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate.

65. The Arbitration Agreement in the TOS constitutes a written agreement that is valid and enforceable under the Washington Uniform Arbitration Act. Section 7.04A.060(1) provides in relevant part:

> An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of contract.

66. The Arbitration Agreement is in a record to submit to arbitration any existing or subsequent controversy arising between the parties arising under the TOS.

67. The Arbitration Agreement is valid, enforceable, and irrevocable.

68. The Arbitration Agreement applies to all claims asserted by Respondents in the Complaint.

69. The Arbitration Agreement contractually requires Respondents to submit "any dispute or claim, whether based on contract, common law, or statute, arising out of or relating in any way to this agreement" to be resolved "only on an individual basis and not on a class or collective basis" by "final and binding arbitration" at "at a mutually-convenient location within 45 miles from the last location in which you provided Services" under American Arbitration Association rules.

70. The claims set out in the Complaint are "arising out of or relating . . . to" the TOS and therefore fall within the scope of the Arbitration Agreement in the TOS.

71. Nevertheless, Respondents have disregarded their contractual obligations to arbitrate the claims asserted in the Complaint.

72. The Court should enter an Order compelling Respondents to arbitrate all claims raised or that could be raised in the Complaint.

73. Petitioners are entitled to enforce the Arbitration Agreement under its terms, as well as under applicable law.

WHEREFORE, Petitioners request that the Court order the following relief:

1. An Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, compelling Respondents to pursue in arbitration any dispute with Amazon relating to the claims in the Complaint; or, in the alternative,

2. An Order, pursuant to the Ohio Arbitration Act, Ohio Rev. Code § 2711.03, compelling Respondents to pursue in arbitration any dispute with Amazon relating to the claims in the Complaint; or, in the alternative,

3. An Order, pursuant to the Washington Uniform Arbitration Act, Wash. Rev. Code § 7.04A.070(1), compelling Respondents to pursue in arbitration any dispute with Amazon relating to the claims in the Complaint; and

4. any further relief the Court deems necessary.

| | |
|---|---|
| Dated: June 14, 2024 | Respectfully submitted,<br><br>*/s/ Jennifer B. Orr*<br>Jennifer B. Orr, Bar No. 0084145<br>jorr@littler.com<br><br>LITTLER MENDELSON, P.C.<br>Key Tower<br>127 Public Square<br>Suite 1600<br>Cleveland, OH  44114-9612<br>Telephone:     216.696.7600<br>Facsimile:     216.696.2038<br><br>Michael E. Kenneally (pro hac vice application forthcoming)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC  20004<br>Telephone:     202.739.3000<br>Facsimile:     202.739.3001<br><br>Counsel for Petitioners<br><br><br>*Counsel for Petitioners* |